---

**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

DISTRICT OF DELAWARE

Case number *(if known)* _____    Chapter __11__

☐ Check if this an
amended filing

---

## Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy          06/24

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.**

| | | |
|---|---|---|
| 1. | **Debtor's name** | **Brightmark Plastics Renewal LLC** |

| | | |
|---|---|---|
| 2. | **All other names debtor used in the last 8 years** <br> Include any assumed names, trade names and *doing business as* names | **BME Renewable Polyfuels LLC** |

| | | |
|---|---|---|
| 3. | **Debtor's federal Employer Identification Number** (EIN) | **82-4937907** |

| | | | |
|---|---|---|---|
| 4. | **Debtor's address** | Principal place of business | Mailing address, if different from principal place of business |
| | | **1725 Montgomery St. FL 3** <br> **San Francisco, CA 94111** <br> Number, Street, City, State & ZIP Code | P.O. Box, Number, Street, City, State & ZIP Code |
| | | **San Francisco** <br> County | Location of principal assets, if different from principal place of business <br><br> Number, Street, City, State & ZIP Code |

| | | |
|---|---|---|
| 5. | **Debtor's website** (URL) | **https://www.brightmark.com** |

| | | |
|---|---|---|
| 6. | **Type of debtor** | ■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) <br><br> ☐ Partnership (excluding LLP) <br><br> ☐ Other. Specify: _____ |

Debtor    **Brightmark Plastics Renewal LLC**
_____
Name

Case number (*if known*) _____

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

■ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.

5622

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7

☐ Chapter 9

■ Chapter 11. *Check **all** that apply:*

   ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725 (amount subject to adjustment on 4/01/25 and every 3 years after that).

   ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

   ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.

   ☐ A plan is being filed with this petition.

   ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

   ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

   ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**
If more than 2 cases, attach a separate list.

■ No.

☐ Yes.

| | | | | | |
|---|---|---|---|---|---|
| District | _____ | When | _____ | Case number | _____ |
| District | _____ | When | _____ | Case number | _____ |

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☐ No

■ Yes.

**Voluntary Petition for Non-Individuals Filing for Bankruptcy**

Debtor    **Brightmark Plastics Renewal LLC**                                      Case number (*if known*) _____
                Name

| List all cases. If more than 1, attach a separate list | Debtor | **See Addendum** | Relationship | _____ |
|---|---|---|---|---|

District _____    When _____    Case number, if known _____

**11. Why is the case filed in this district?**   *Check all that apply:*

☑ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☑ No

☐ Yes.   Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No

☐ Yes.   Insurance agency _____
Contact name _____
Phone _____

---

**█ Statistical and administrative information**

**13. Debtor's estimation of available funds**   *Check one:*

☑ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than100,000 |
| ☑ 200-999 | | |

**15. Estimated Assets**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☑ $100,000,001 - $500 million | ☐ More than $50 billion |

**16. Estimated liabilities**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☑ $100,000,001 - $500 million | ☐ More than $50 billion |

---

| Debtor | **Brightmark Plastics Renewal LLC** | Case number (*if known*) | |
|--------|--------------------------------------|--------------------------|--|
| | Name | | |

| | **Request for Relief, Declaration, and Signatures** |
|--|--|

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **03/16/2025**
                MM / DD / YYYY

X   **/s/ Craig R. Jalbert**                           **Craig R. Jalbert**
    Signature of authorized representative of debtor    Printed name

Title   **Chief Restructuring Officer**

**18. Signature of attorney**

X   **/s/ Jeremy W. Ryan**                    Date   **03/16/2025**
    Signature of attorney for debtor                 MM / DD / YYYY

**Jeremy W. Ryan**
Printed name

**Potter Anderson & Corroon LLP**
Firm name

**1313 North Market Street, 6th Floor**
**Wilmington, DE 19801**
Number, Street, City, State & ZIP Code

Contact phone   **302-984-6000**        Email address   **jryan@potteranderson.com**

**4057 DE**
Bar number and State

**Rider**

**Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor**

On the date hereof, each of the entities below (collectively, the "Debtors") filed a petition in the United States Bankruptcy Court for the District of Delaware for relief under chapter 11 of title 11 of the United States Code.  The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of Brightmark Plastics Renewal LLC.

- Brightmark Plastics Renewal LLC

- Brightmark Plastics Renewal Indiana LLC

- Brightmark Plastics Renewal Services LLC

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Brightmark Plastics Renewal LLC, *et al.*,[1] | Case No. 25-10___ (___) |
| Debtors. | (Joint Administration Requested) |

**CORPORATE OWNERSHIP STATEMENT
PURSUANT TO FED. R. BANKR. P. 1007(a)(1) AND 7007.1**

Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, Brightmark Plastics Renewal LLC and its affiliates, who are or may be debtors and debtors in possession in the above-captioned cases (each a "Debtor" and collectively, the "Debtors"), hereby state as follows:

1.      A list of the Debtors' equity interest holders, their addresses, and the nature of their equity interests is below.[2]  No publicly traded corporation owns more than 10% of the Debtors' equity interests.

2.      Debtors Brightmark Plastics Renewal Services LLC and Brightmark Plastics Renewal Indiana LLC are wholly owned by Debtor Brightmark Plastics Renewal LLC, located at 1725 Montgomery Street, Floor 3, San Francisco, CA 94111.

3.      Debtor Brightmark Plastics Renewal LLC is wholly owned by non-debtor Brightmark Plastics Renewal Holdings LLC, located at 1725 Montgomery Street, Floor 3, San Francisco, CA 94111.

---

[1]     The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are: Brightmark Plastics Renewal LLC (7907); Brightmark Plastics Renewal Indiana LLC (7118); and Brightmark Plastics Renewal Services LLC (3789).  The Debtors' headquarters are located at 1725 Montgomery St, Floor 3, San Francisco, CA 94111.

[2]     The Debtors reserve the right to supplement or amend the list of the Debtors' equity interest holders within fourteen days of the date hereof, pursuant to rule 1007(a)(3) of the Federal Rules of Bankruptcy Procedure.

**OMNIBUS WRITTEN CONSENT OF
THE INDEPENDENT MANAGER
OF
BRIGHTMARK PLASTICS RENEWAL LLC
AND SOLE MEMBER AND MANAGER OF
BRIGHTMARK PLASTICS RENEWAL INDIANA LLC
BRIGHTMARK PLASTICS RENEWAL SERVICES LLC**

March 16, 2025

The undersigned, being the Independent Manager (as defined below) of Brightmark Plastics Renewal LLC ("Parent"), does hereby consent to, adopt, and approve by written consent, in accordance with Section 18-302 and Section 18-404 of the Delaware Limited Liability Company Act, the following resolutions on behalf of Parent, in its individual capacity and in its capacity as sole member and manager of each of Brightmark Plastics Renewal Indiana LLC and Brightmark Plastics Renewal Services LLC (the "Subsidiaries" and collectively with Parent, the "Companies"):

**WHEREAS**, pursuant to resolutions of the sole member of Brightmark Plastics Renewal LLC dated March 7, 2025 (the "Resolutions," attached hereto as Exhibit A), Timothy J. Bernlohr (the "Independent Manager") was granted the power and authority to take any action as he determines to be necessary and advisable in his sole discretion in the name and on behalf of Parent, including in Parent's capacity as sole member and manager of the Subsidiaries, including the power and authority to delegate and assign such powers and authority as reasonably necessary in his sole discretion;

**WHEREAS**, the Independent Manager has considered presentations by financial and legal advisors to the Companies regarding, among other things, the liabilities, assets, and liquidity of the Companies, the strategic alternatives available to the Companies, and the potential impact (financial and otherwise) of the foregoing on the business, creditors, and other parties in interest of the Companies;

**WHEREAS**, the Independent Manager has been presented with proposed petitions and related documents to be filed by each Company in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") seeking relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") as a debtor in possession and thereby commencing a chapter 11 bankruptcy case for such Company (each, a "Bankruptcy Case" and collectively, the "Bankruptcy Cases");

**WHEREAS**, the Independent Manager, having had a series of meetings to consider the financial and operational aspects of the businesses of the Companies and the best course of action to maximize value, having received financial and other input from the Companies' respective management and advisors, having had the opportunity to review and consider the same, having pursued and considered various alternatives, and upon the advice of counsel, has determined in the exercise of his business judgment that given the current facts and circumstances confronting the Companies, it is advisable and in the best interests of the Companies, the Companies' creditors,

and other interested parties that petitions be filed by the Companies seeking relief under the provisions of chapter 11 of the Bankruptcy Code and commencing the Bankruptcy Cases;

**WHEREAS**, the Independent Manager has reviewed and considered the advisability and need for the CRO (as defined below) to take further actions to carry out the intent and purpose of the following resolutions, perform the obligations of the Company under the Bankruptcy Code, and pay fees and expenses in connection with the transactions contemplated by the below resolutions, in each case subject to oversight by the Independent Manager, which oversight includes the right to be the final decisionmaker on behalf of the Companies and which decision shall be the decision of the applicable Company (the "Independent Manager Decision");

**WHEREAS**, the Independent Manager has reviewed and considered certain actions that may have been taken previously by officers, employees, members or agents of the Companies, as the case may be, in connection with or with respect to the matters set forth in the below resolutions; and

**WHEREAS**, the Independent Manager desires to approve the following resolutions with respect to the Companies.

**NOW, THEREFORE, BE IT:**

### I.      Appointment of Chief Restructuring Officer

**RESOLVED**, that the prior appointment of Craig R. Jalbert of Verdolino & Lowey, P.C. as the Chief Restructuring Officer ("CRO") of each Company be, and hereby is, ratified and confirmed in all respects; and it is further

**RESOLVED**, that the term of Mr. Jalbert's service as CRO, including the independent and sole authority delegated herein, shall continue through and including the duration of the restructuring of the Companies; and it is further

### II.      Commencement of the Bankruptcy Cases

**RESOLVED**, that the Independent Manager has determined, after due consultation with the management and the legal and financial advisors of each applicable Company, that it is desirable and in the best interests of each Company, their employees, stakeholders, and other interested parties that a petition be filed seeking relief under the provisions of chapter 11 of the Bankruptcy Code, and the filing of each such petition to commence a Bankruptcy Case is authorized hereby; and it is further

**RESOLVED**, that the CRO be, and hereby is, authorized and empowered, on behalf of and in the name of each Company, as applicable, to execute and verify a voluntary petition in the name of each Company under chapter 11 of the Bankruptcy Code and to cause the same to be filed in the Bankruptcy Court in such form and at such time as the CRO shall determine; and it is further

**RESOLVED**, that the CRO be, and hereby is, authorized and empowered, on behalf of and in the name of each Company, as applicable, to execute, verify, and/or file, or cause to be

executed, verified, and/or filed (or direct others to do so on their behalf as provided herein) all necessary documents, including, without limitation, all petitions, affidavits, statements, schedules, motions, lists, applications, pleadings, and other papers required to file a petition in the Bankruptcy Court and commence a Bankruptcy Case, to employ and retain all assistance by legal counsel, accountants, or other professionals to represent such Company in the Bankruptcy Cases, to take any and all action which the CRO deems necessary and proper to maintain the ordinary course operation of the business of such Company during the pendency of the Bankruptcy Cases, and to seek the relief contemplated by "first day" and/or "second day" motions as necessary to maintain ordinary course operations; and it is further

## III.    Retention of Professionals

**RESOLVED**, that the CRO be, and hereby is, authorized, empowered, and directed to retain on behalf of each Company: (i) the law firm of Potter Anderson & Corroon LLP as bankruptcy counsel for the Companies; (ii) the firm of SSG Capital Advisors, LLC as investment banker for the Companies; (iii) the firm of Omni Agent Solutions, Inc. as claims, noticing, and solicitation agent; and (iv) any other legal counsel, accountants, financial advisors, investment bankers, and other professionals which the CRO deems necessary, advisable, desirable, or appropriate in connection with, or in furtherance of the Bankruptcy Cases, with a view to the successful prosecution of the Bankruptcy Cases (such acts to be conclusive evidence that the CRO deemed the same to meet such standard); and it is further

**RESOLVED**, that the CRO be, and hereby is, authorized, empowered, and directed to take and perform any and all further acts and deeds, including, without limitation, (i) the payment of any consideration, (ii) the payment of fees, expenses, and taxes the CRO deems necessary, advisable, desirable, or appropriate, and (iii) negotiating, executing, delivering, and performing any and all documents, motions, pleadings, applications, declarations, affidavits, schedules, statements, lists, papers, agreements, certificates, and/or instruments (or any amendments or modifications thereto) in connection with the engagement of professionals contemplated by the foregoing resolutions (such acts to be conclusive evidence that the CRO deemed the same to meet such standard); and it is further

## IV.    Debtor in Possession Financing

**RESOLVED**, that in connection with the commencement of the Bankruptcy Case by each Company, the CRO be, and hereby is, authorized, directed, and empowered, in the name and on behalf of such Company, as a debtor and debtor in possession, to (a) enter into, and perform its obligations under, the debtor in possession financing and the use of cash collateral, and to negotiate, execute, and deliver agreements related thereto (the "Financing Transactions") in connection with the Bankruptcy Cases, and (b) pay related fees and grant security interests in and junior liens upon some, all, or substantially all of the Companies' assets, acknowledge the debt and liens of existing loans, grant adequate protection liens, and pay interest to the Companies' existing lender(s) in connection with such Financing Transactions; and in connection therewith, the CRO be, and hereby is, authorized and directed to execute appropriate agreements and related ancillary documents; and it is further

## V.    <u>Sale</u>

**RESOLVED**, that in connection with the Bankruptcy Cases, the Independent Manager has determined that it is in the best interests of the Company and its stakeholders that the CRO, on behalf of the Companies and with the help of the Debtors' professionals, commence and conduct a sale process for the benefit of each Company, its estate, and its creditors; and it is further

**RESOLVED**, that the CRO is hereby authorized, empowered, and directed to negotiate and approve the terms, provisions of, and performance of, and to prepare, execute and deliver all documents necessary to consummate a sale of the Companies' assets (the "<u>Sale Documents</u>"), in the name and on behalf of the Companies, and such other documents, agreements, instruments, and certificates as the CRO considers necessary, appropriate, proper, or desirable to effectuate the transactions contemplated by the Sale Documents; and it is further

**RESOLVED**, that the CRO is hereby authorized, empowered, and directed, in the name and on behalf of each of the Companies, to take all such further actions, including to pay all fees and expenses, which may arise in accordance with the terms of the Sale Documents, which shall, in the CRO's sole judgment, be necessary, proper, or advisable to perform each Company's obligations under or in connection with the Sale Documents and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions; and it is further

**RESOLVED**, that the CRO is hereby authorized, empowered, and directed, in the name and on behalf of each of the Companies, to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions, and extensions of the Sale Documents which shall, in the CRO's sole judgment, be necessary, proper, or advisable; and it is further

## VI.    <u>General</u>

**RESOLVED**, that the CRO be, and hereby is, authorized, directed, and empowered, on behalf of and in the name of each Company, to perform the obligations of each Company under the Bankruptcy Code, with all such actions to be performed in such manner, and all such certificates, instruments, guaranties, notices, and documents to be executed and delivered in such form, as the CRO shall approve, and the performance or execution thereof by the CRO shall be conclusive evidence of the approval thereof by the CRO and by such Company; and it is further

**RESOLVED**, that the CRO be, and hereby is, authorized, directed, and empowered, in the name of and on behalf of each Company, to cause each Company to enter into, execute, deliver, certify, file, record, and perform under such agreements, motions, affidavits, applications for approvals or rulings of governmental or regulatory authorities, certificates, or other documents, to pay all expenses, including filing fees, and to take such other actions as in the judgment of the CRO, shall be necessary, proper, and desirable to prosecute a successful completion of the applicable Bankruptcy Case and to effectuate the restructuring or liquidation of the applicable Company's debts, other obligations, organizational form and structure and ownership of such Company, all consistent with the foregoing resolutions and to carry out and put into effect the purposes of which the foregoing resolutions, and the transactions contemplated by these

resolutions, their authority thereunto to be evidenced by the taking of such actions; and it is further

**RESOLVED**, that the CRO be, and hereby is, authorized, directed, and empowered, on behalf of and in the name of each Company, to take such actions and execute and deliver such documents as may be required or as the CRO may determine to be necessary, appropriate, or desirable to carry out the intent and purpose of the foregoing resolutions or to obtain the relief sought thereby, including, without limitation, the execution and delivery of any consents, resolutions, petitions, schedules, lists, declarations, affidavits, and other papers or documents, with all such actions to be taken in such manner, and all such petitions, schedules, lists, declarations, affidavits, and other papers or documents to be executed and delivered in such form as the CRO shall approve, the taking or execution thereof by the CRO being conclusive evidence of the approval thereof by the CRO and such Company; and it is further

**RESOLVED**, that all of the acts and transactions relating to matters contemplated by the foregoing resolutions, which acts and transactions would have been authorized and approved by the foregoing resolutions except that such acts and transactions were taken prior to the adoption of these resolutions, be, and they hereby are, in all respects confirmed, approved, and ratified; and it is further

**RESOLVED**, that for the avoidance of doubt, any and all actions taken or decisions made by the CRO subject to the foregoing resolutions are subject to the Independent Manager Decision.

*[Signature Pages Follow]*

**IN WITNESS WHEREOF**, the undersigned, being the Independent Manager of BRIGHTMARK PLASTICS RENEWAL LLC, has executed this unanimous written consent as of the date set forth above.

**BRIGHTMARK PLASTICS RENEWAL LLC**

*/s/ Timothy J. Bernlohr*
Name: Timothy J. Bernlohr
Title: Independent Manager

**BRIGHTMARK PLASTICS RENEWAL INDIANA LLC**

By: Brightmark Plastics Renewal LLC

*/s/ Timothy J. Bernlohr*
Name: Timothy J. Bernlohr
Title: Independent Manager

**BRIGHTMARK PLASTICS RENEWAL SERVICES LLC**

By: Brightmark Plastics Renewal LLC

*/s/ Timothy J. Bernlohr*
Name: Timothy J. Bernlohr
Title: Independent Manager

Exhibit A

Resolutions

**WRITTEN CONSENT OF
THE SOLE MEMBER OF
BRIGHTMARK PLASTICS RENEWAL LLC**

March 7, 2025

Brightmark Plastics Renewal Holdings LLC, a Delaware Limited Liability Company (the "Company"), is the sole member and manager of Brightmark Plastics Renewal LLC ("Brightmark"), and does hereby consent to, adopt, and approve by written consent, in accordance with section 18-302 of the Delaware Limited Liability Company Act, the following resolutions and each and every action affected thereby;

**WHEREAS**, all acts of Brightmark require only the approval of the Company and the Company has the power and authority to manage all of the business and affairs of Brightmark, including the power and authority to appoint officers, to delegate to such officers such authority and duties as the Company determines in its sole discretion and to bind Brightmark in any and all transactions which the Company determines to be appropriate;

**WHEREAS**, the Company has determined that it's advisable and in the best interests of the Company to assign and delegate all of its power and authority as the sole member and manager of Brightmark to **Timothy J. Bernlohr** to serve as an independent manager (the "Independent Manager") of Brightmark, and to take any action as the Independent Manager determines to be necessary and advisable in his sole discretion for Brightmark; and

**WHEREAS**, the Company has determined that it's advisable and in the best interests of the Company that the Company grant the Independent Manager the power and authority to delegate and assign all or any of the foregoing powers and authority, subject to any conditions or limitations, in each case as reasonably necessary in his sole discretion.

**NOW, THEREFORE, BE IT:**

**RESOLVED**, that the Independent Manager be, and hereby is, authorized and empowered to take any action as the Independent Manager determines to be necessary and advisable in his sole discretion for Brightmark; and it is further

**RESOLVED**, that the Independent Manager be, and hereby is, authorized, directed, and empowered, in the name of and on behalf of Brightmark, to take such actions and execute and deliver such documents as may be required or as the Independent Manager may determine to be necessary, appropriate, or desirable to carry out the intent and purpose of the foregoing resolutions or to obtain the relief sought thereby, including, without limitation, the execution and delivery of any consents, resolutions, petitions, schedules, lists, declarations, affidavits, and other papers or documents, with all such actions to be taken in such manner, and all such petitions, schedules, lists, declarations, affidavits, and other papers or documents to be executed and delivered in such form as the Independent Manager shall approve, the taking or execution thereof by the Independent Manager being conclusive evidence of the approval thereof by the Independent Manager and such company; and it is further

      **RESOLVED**, that all of the acts and transactions relating to matters contemplated by the foregoing resolutions, which acts and transactions would have been authorized and approved by the foregoing resolutions except that such acts and transactions were taken prior to the adoption of these resolutions, be, and they hereby are, in all respects confirmed, approved, and ratified.

*[Signature Page Follows]*

**IN WITNESS WHEREOF**, the undersigned, being the sole member and manager of BRIGHTMARK PLASTICS RENEWAL LLC, has executed this consent as of the date set forth above.

Brightmark Plastics Renewal Holdings LLC

By: Joe Harn
Its:  General Counsel & Secretary

**Fill in this information to identify the case:**

Debtor name: **Brightmark Plastics Renewal LLC**

United States Bankruptcy Court for the District of **Delaware**

Case number (If known):

☐ **Check if this is an amended filing**

Official Form 204

# Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 30 Largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | Consolidated Mechanical Inc. (CMI) 2900 Airpark Dr Owensboro, KY 42301 | Phone: 270-685-0148 Email: scampbell@cmipower.com | Trade Debt | Unliquidated | | | $ 350,000.00 |
| 2 | CB&I LLC d/b/a McDermott 915 N Eldridge Parkway Houston, TX77079 | Phone: 713-375-8877 Email: cash.applications@mcdermott.com | Trade Debt | Unliquidated | | | $ 301,912.00 |
| 3 | Chemted LLC 981 TX- 174 Rio Vista, TX 76093 | Phone: 214-680-6013 Email: kk@chemted.com | Trade Debt | Unliquidated | | | $ 151,200.00 |
| 4 | NES Global Ltd One Memorial City Plaza 800 Gessner Dr, Suite 800 Houston, TX 77024 | Phone: 713-551-4444 Email: us.receivables@nesgt.com | Trade Debt | Unliquidated | | | $ 80,000.00 |
| 5 | G & L Corporation 3101 Brooklyn Ave Ft Wayne, IN 46809 | Phone: 260-747-0541 Email: krista@g-lcorp.com | Trade Debt | Unliquidated | | | $ 76,141.00 |
| 6 | South Shore Controls, Inc 9395 Pinecone Dr Mentor, OH 44060 | Phone: 440-259-2500 Email: AR@southshorecontrols.com; rhowell@southshorecontrols.com | Trade Debt | Unliquidated | | | $ 70,248.00 |
| 7 | Heat Power Engineering Co. Inc. (HPE) Sales Dept 702 Incentive Dr Ft Wayne, IN 46825 | Phone: 260-497-9500 Email: beth@hpewater.com | Trade Debt | Unliquidated | | | $ 68,691.00 |
| 8 | Shambaugh & Sons, L.P. 7614 Opportunity Dr Ft Wayne, IN 46825 | Phone: 260-487-7777 Email: aperkey@shambaugh.com | Trade Debt | Unliquidated | | | $ 66,357.00 |
| 9 | Rochem Americas Inc 426 30th St Hermosa Beach, CA 90254 | Phone: 574-360-4535 Email: nora@rochemamericas.com | Trade Debt | Unliquidated | | | $ 58,047.00 |
| 10 | E2G, The Equity Engineering Group, Inc Operations Coordinator 20600 Chagrin Blvd, Ste 1200 Shaker Heights, OH 44122 | Phone: 216-283-9519 Email: accounting@e2g.com | Trade Debt | Unliquidated | | | $ 48,200.00 |
| 11 | Colliers, Engineering & Design Inc 101 Crawfords Corner Rd, Ste 3400 Holmdel, NJ 07733 | Phone: 732-383-1950 Email: remittanceadvice@collierseng.com | Trade Debt | Unliquidated | | | $ 22,809.00 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If the claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 12 | Krohne Inc 55 Cherry Hill Dr Beverly, MA 01915 | Phone: 978-535-6060 Email: AR@KROHNE.COM | Trade Debt | Unliquidated | | | $ 20,666.00 |
| 13 | Kammerer Inc 2348 E. Kammerer Road Kendallville, IN 46755 | Phone: 260-347-0389 Email: AR@kammerer-inc.com | Trade Debt | Unliquidated | | | $ 20,096.00 |
| 14 | Price Automation LLC 205 W 700 S Pleasant Lake, IN 46779 | Phone: 260-243-2271 Email: lance.price@p-automation.com | Trade Debt | Unliquidated | | | $ 20,000.00 |
| 15 | Brushy Creek Industrial Solutions, LLC 2909 Graphic Place Plano, TX 75075 | Phone: 512-698-7800 Email: kt@bcindsol.com | Trade Debt | Unliquidated | | | $ 19,434.00 |
| 16 | BBC Pump & Equipment Company, Inc Sales Engineer 777 N Tibbs Ave Indianapolis, IN 46222 | Phone: 317-636-1111 Email: AR@bbcpump.com | Trade Debt | Unliquidated | | | $ 17,564.00 |
| 17 | Enpro, Inc Sales Dept 121 S Lombard Rd Addison, IL 60101 - 3084 | Phone: 630-629-3504 Email: beth_obrien@enproinc.com | Trade Debt | Unliquidated | | | $ 13,816. 00 |
| 18 | ZymeFlow Inc. 12600 N Featherwood Dr, Ste 330 Houston, TX 77034 | Phone: 832-775-1560 Email: eddiekaye.jecmenek@zymeflow.com | Trade Debt | Unliquidated | | | $ 13,200. 00 |
| 19 | George E. Booth Company, Inc. 8202 W 10th St Indianapolis, IN 46214 | Phone: 317-247-0100 Email: ar@gebooth.com | Trade Debt | Unliquidated | | | $ 12,802.00 |
| 20 | MTR Machining Concept, Inc. 2878 W 800 S Ashley, IN 46705 | Phone: 260-587-3381 Email: customerservice@mtrmachine.com | Trade Debt | Unliquidated | | | $ 11,675. 00 |
| 21 | Industrial Applied Technologies, LLC 2381 W Stadium Blvd Ann Arbor, MI 48103 | Phone: 501-773-7904 Email: tbearden.iatllc@gmail.com | Trade Debt | Unliquidated | | | $ 11,340.00 |
| 22 | IMET Corporation P.O. Box 470812 Cleveland, OH 44147 | Phone: 216-233-5486 Email: cmills@imet.net | Trade Debt | Unliquidated | | | $ 10,000.00 |
| 23 | Transmission & Fluid Equipment Inc Sales Dept 6912 Trafalgar Dr Ft Wayne, IN 46803 | Phone: 260-478-1567 Email: ar@tfedirect.com | Trade Debt | Unliquidated | | | $ 9,993.00 |
| 24 | Hydrocarbon Filtration LLC 107 B Shooting Club Road Boerne, TX 78006 | Phone: 800-770-4510 Email: accounting@therigteam.com | Trade Debt | Unliquidated | | | $ 9,056.00 |
| 25 | Vecoplan LLC 5708 Uwharrie Road Archdale, NC 27263 | Phone: 336-861-4329 Email: ar.us@vecoplan.com | Trade Debt | Unliquidated | | | $ 7,330.00 |
| 26 | Kendall Electric Inc 5101 S Sprinkle Rd Portage, MI 49002 | Phone: 269-978-3838 Email: ar@kendallgroup.com | Trade Debt | Unliquidated | | | $ 6,996.00 |
| 27 | Larry's Lock & Safe Service, Inc. d/b/a Lakeland Electronics 1601 N Wayne St, Ste 107 Angola, IN 46703 | Phone: 260-665-2127 Email: mike@lakelandelectronics.com | Trade Debt | Unliquidated | | | $ 6,813.00 |

Debtor  Brightmark Plastics Renewal LLC
_____
Name

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 28 | Flosource Inc. 1405 Hancel Parkway Mooresville, IN 46158 | Phone: 800-752-5959 Email: ar@flosource.com | Trade Debt | Unliquidated | | | $ 6,422.00 |
| 29 | IPS Resources LLC 146 Dixie Highway Rossford, OH 46571 | Phone: 419-531-3121 Email: accounting@ipscontractor.com | Trade Debt | Unliquidated | | | $ 6,129.00 |
| 30 | JK ICE Ventures Inc d/b/a Industrial Contracting & Engineering 319 Pokagon Trail, Suite C Angola, IN 46703 | Phone: 260-665-2123 Email: kwilliams@jici.com | Trade Debt | Unliquidated | | | $ 6,000.00 |

| Official Form 204 | Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims | Page 3 of 3 |
|---|---|---|

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Brightmark Plastics Renewal LLC, *et al.*,[1] | Case No. 25-10___ (___) |
| Debtors. | (Joint Administration Requested) |

## CERTIFICATION OF DEBTORS' CREDITOR MATRIX

In accordance with rule 1007(a) of the Federal Rules of Bankruptcy Procedure and rule 1007-2(a) of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), a list of creditors (the "Creditor Matrix") of the above-captioned debtors and debtors in possession (the "Debtors") is filed by attachment hereto.

The Creditor Matrix has been prepared from the Debtors' books and records. The undersigned, Chief Restructuring Officer of the Debtors, hereby certifies that the Creditor Matrix contains the names and addresses of all creditors of the Debtors that could be ascertained after diligent inquiry, based on a review of the Debtors' books and records and is consistent with the information contained therein. The Debtors reserve the right to amend or supplement the Creditor Matrix as necessary.

Although the information contained in the Creditor Matrix is based on a review of the Debtors' books and records, the Debtors have not completed a comprehensive legal and/or factual investigation with regard to possible defenses of the Debtors and their estates to any claims of the potential claimants included in the Creditor Matrix. In addition, certain of the parties included in

---

[1]    The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are: Brightmark Plastics Renewal LLC (7907); Brightmark Plastics Renewal Indiana LLC (7118); and Brightmark Plastics Renewal Services LLC (3789). The Debtors' headquarters are located at 1725 Montgomery St, Floor 3, San Francisco, CA 94111.

the Creditor Matrix may not hold outstanding claims as of the date hereof, and therefore may not

be creditors of the Debtors and their estates for purposes of these chapter 11 cases.  Therefore, the

Creditor Matrix does not and should not be deemed or otherwise construed to constitute either (i)

a waiver of any defense of the Debtors and their estates to any claim that may be asserted against

the Debtors or their estates or (ii) an acknowledgement or admission of the validity, priority, or

amount of any claim that may be asserted against the Debtors or their estates.

Dated: March 16, 2025

*/s/ Craig R. Jalbert*       
Craig R. Jalbert
Chief Restructuring Officer

2

**Fill in this information to identify the case:**

Debtor name   **Brightmark Plastics Renewal LLC**

United States Bankruptcy Court for the:   DISTRICT OF DELAWARE

Case number (if known)   _____

☐ Check if this is an
   amended filing

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors   12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
☐ *Schedule H: Codebtors* (Official Form 206H)
☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
☐ Amended *Schedule*
■ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
■ Other document that requires a declaration   **Combined Corporate Ownership Statement and Certification of Debtors' Creditor Matrix**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   **03/16/2025**          x  **/s/ Craig R. Jalbert**
                                                    Signature of individual signing on behalf of debtor

                                                   **Craig R. Jalbert**
                                                   Printed name

                                                   **Chief Restructuring Officer**
                                                   Position or relationship to debtor