**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Brightmark Plastics Renewal LLC, *et al.*,[1] | Case No. 25-10472 (LSS) |
| Debtors. | (Jointly Administered) |
| | **Related Docket No. 105** |

**OBJECTION TO THE NOTICE OF CURE COSTS AND POTENTIAL ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION WITH SALE OF SUBSTANTIALLY ALL ASSETS**

Brightmark Plastics Renewal Technologies LLC f/k/a RES Polyflow LLC ("Technologies"), by and through its undersigned counsel, hereby submits this *Objection to the Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection With Sale of Substantially All Assets* (this "Objection") to the *Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection With Sale of Substantially All Assets* [Docket No. 105] (the "Assumption Notice")[2], and the proposed assumption and assignment of its license agreement with Debtors in connection therewith, and respectfully states as follows:

**BACKGROUND**

1. On March 16, 2025 (the "Petition Date"), the Debtors filed voluntary petitions for relief pursuant to chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), thereby

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are: Brightmark Plastics Renewal LLC (7907); Brightmark Plastics Renewal Indiana LLC (7118); and Brightmark Plastics Renewal Services LLC (3789). The Debtors' headquarters are located at 1725 Montgomery St, Floor 3, San Francisco, CA 94111.

[2] Capitalized terms not otherwise defined shall have the same meaning as set forth in the Assumption Notice.

initiating the cases (the "Chapter 11 Cases") jointly administered under Case No. 25-10472. The Debtors are managing their businesses and their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. On March 17, 2025, the Debtors filed their *Motion for Entry of Orders (I)(A) Approving Bidding Procedures for the Sale of Substantially All of the Debtors' Assets, (B) Authorizing the Debtors to Designate One or More Stalking Horse Bidders and to Provide Bid Protections, (C) Scheduling an Auction and Approving the Form and Manner of Notice Thereof, (D) Approving Assumption and Assignment Procedures, (E) Scheduling a Sale Hearing and Approving the Form and Manner of Notice Thereof and (F) Granting Related Relief; and (II)(a) Approving Sale of the Debtors' Assets Free and Clear of Liens, Claims, Interests, and Encumbrances, (B) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (C) Granting Related Relief* [Docket No. 22].

3. On April 4, 2025, the Court entered the *Order (I) Approving Bidding Procedures for the Sale of Substantially All of the Debtors' Assets, (II) Authorizing the Debtors to Designate One or More Stalking Horse Bidders and to Provide Bid Protections, (III) Scheduling an Auction and Approving the Form and Manner of Notice Thereof, (IV) Approving Assumption and Assignment Procedures, (V) Scheduling a Sale Hearing and Approving the Form and Manner of Notice Thereof, and (VI) Granting Related Relief* [Docket No. 85] (the "Bid Procedures Order").

4. On April 9, 2024, the Debtors filed the Assumption Notice.

## DISCUSSION

5. Technologies and Debtor Brightmark Plastics Renewal Indiana LLC (hereinafter, "Debtor Brightmark Indiana") are parties to a license agreement (the "License Agreement") entered into as of April 10, 2019, whereby Technologies granted Debtor Brightmark Indiana a

limited license to its intellectual property regarding the design, engineering, installation and operation of the "RESP Technology" (as defined in the License Agreement). Technologies and Debtor Brightmark Indiana are affiliates under the Bankruptcy Code.

6. The License Agreement is identified among the contracts listed in Schedule 1 to the Assumption Notice that may be assumed and assigned to a Successful Bidder. Assumption Notice, Ref. #81. A copy of the License Agreement is attached hereto.

7. Technologies files this Objection regarding any Successful Bidder's evidence of adequate assurance of future performance as required under section 365 of the Bankruptcy Code.

8. Section 365(f)(2) of the Bankruptcy Code generally requires a debtor to, among other things, provide adequate assurance of future performance by the assignee prior to assuming and assigning an executory contract. Specifically, section 365(f)(2) of the Bankruptcy Code provides that:

> The trustee may assign an executory contract or unexpired lease of the debtor only if—
> (A) the trustee assumes such contract or lease in accordance with the provisions of this section; and
> (B) adequate assurance of future performance by the assignee of such contract or lease is provided, whether or not there has been a default in such contract or lease.

11 U.S.C. § 365(f)(2).

9. In other words, the Debtors may not assume and assign the License Agreement unless there is adequate assurance of future performance by any Successful Bidder under the License Agreement. *See* 11 U.S.C. § 365(f)(2); *Cinicola v. Scharffenberger*, 248 F.3d 110, 120 (3d Cir. 2001) ("Before an executory contract may be assigned, the trustee first must assume the contract and 'adequate assurance of future performance' of the contract must be provided.").

10. "Adequate assurance of future performance" is not defined in the Bankruptcy Code. As noted by the Third Circuit, however, "the Bankruptcy Code adopted the phrase 'adequate assurance of future performance' from the Uniform Commercial Code § 2-609(1), which provides that 'when reasonable grounds for insecurity arise with respect to the performance of either party, the other may in writing demand adequate assurance of future performance[.]'" *In re Fleming Co., Inc.*, 499 F.3d 300, 305 (3d Cir. 2007) (citing *Cinicola*, 248 F.3d at 120 n. 10).

11. "[C]ourts have recognized that what constitutes 'adequate assurance of future performance' must be determined by consideration of the facts of the proposed assumption." *In re Filene's Basement, LLC*, No. 11-13511 (KJC), 2014 WL 1713416, at *11 (Bankr. D. Del. Apr. 29, 2014); *see also Cinicola*, 248 F.3d at 120 n.10 (adequate assurance "is to be given a practical, pragmatic construction based upon the facts and circumstances of each case.") (quoting *Richmond Leasing Co. v. Capital Bank, N.A.*, 762 F.2d 1303, 1309–10 (5th Cir. 1985)). The party seeking to become the assignee has the burden of proving it meets the requirements of section 365(f). *In re Res. Tech. Corp.*, 624 F.3d 376, 384 (7th Cir. 2010).

12. Here, any Successful Bidder will need to present evidence that it has provided Technologies with adequate assurance of future performance as required by section 365(f)(2).

13. Specifically, the License Agreement provides, among other things, revocable licenses to the RESP Technology for Debtor Brightmark Indiana to design, develop, and operate certain "Units," which are pyrolysis vessel machines and ancillary subsystems used to form pyrolysis processing systems (as further described in the License Agreement).

14. A "Unit" is defined as:

> a Vessel and ancillary subsystems used to form a pyrolysis processing system, including a feed unit, conversion vessel, stirrer conveyance system, SIR extraction system, thermal management system, support and load compensation system and control system.

License Agreement, p. 4.

15. "Vessel" is defined as "a pyrolysis vessel machine and each of its parts, including a stainless reactor shell and any necessary ports or manways, and as further described on Schedule A." *Id.*

16. Section 8.1 of the License Agreement, "Term," provides the following:

> For each License granted, this Agreement shall remain in effect so long as Licensee is in compliance with the terms and conditions of this Agreement for a period commencing on the Effective Date *and ending upon the date that the Licensee notifies RESP that it will no longer operate the Unit(s)*.

*Id*. at p. 8.

17. Finally, section 8.3 of the License Agreement, "Term and Termination of Exclusivity," provides the following:

> The Exclusivity pursuant to each License begins upon the Effective Date and shall continue until the earliest of: (i) this Agreement is terminated; (ii) the Licensee or BMERP fails to secure funding for the purpose of the License within three (3) years of the Effective Date; or (iii) after the Commercial Operation Date, if the Licensee fails to operate the Unit for six (6) consecutive months, for a reason other than (x) Force Majeure, (y) any event occurring not within the control of Licensee, or (z) a Performance Deficiency (as that term is defined in the Master Agreement).

*Id.*

18. Here, the Debtors have not yet identified the Successful Bidder nor provided adequate assurance to Technologies that the Successful Bidder is able to fulfill the Debtors' obligations under the License Agreement, which includes the operation of the "Units."

19. Accordingly, the Debtors cannot assume and assign the License Agreement until such adequate assurance of future performance is provided.

## RESERVATION OF RIGHTS

Technologies expressly reserves all rights to supplement or amend this Objection in connection with any Sale and assumption and assignment of the License Agreement.

## CONCLUSION

**WHEREFORE**, Technologies requests that the Court: (i) direct the Debtors to provide Technologies with adequate assurance as a condition to assumption and assignment of the License Agreement; and (ii) grant such other relief as is just.

Dated: April 30, 2025

**CHIPMAN BROWN CICERO & COLE, LLP**

*Mark L. Desgrosseilliers*
Mark L. Desgrosseilliers (ID No. 4083)
CHIPMAN BROWN CICERO & COLE, LLP
Hercules Plaza
1313 North Market Street, Suite 5400
Wilmington, Delaware 19801
Telephone: (302) 295-0191
Email: desgross@chipmanbrown.com

-and-

Paul M. Rosenblatt (admitted *pro hac vice*)
KILPATRICK TOWNSEND & STOCKTON LLP
1100 Peachtree Street NE, Suite 2800
Atlanta, GA 30309-4528
Telephone: (404) 815-6321
Email: PRosenblatt@ktslaw.com

*Counsel for and Brightmark Plastic Ashley Holdco LLC and Brightmark Plastics Renewal Technologies LLC*

- 7 -

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 30, 2025, I caused a true and correct copy of the foregoing **OBJECTION TO THE NOTICE OF CURE COSTS AND POTENTIAL ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION WITH SALE OF SUBSTANTIALLY ALL ASSETS**, to be filed with the Court's CM/ECF system and to be served in accordance therewith to all parties receiving electronic noticing.

By: /s/ *Mark L. Desgrosseilliers*
Counsel for Brightmark Plastics Renewal Technologies LLC